HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION OF TEXAS et al.

No. 8251.

Court of Civil Appeals of Texas. Austin.

April 1, 1936.

Rex G. Baker and R. E. Seagler, both of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellant.

BLAIR, Justice.

Humble Oil & Refining Company filed this suit against the Railroad Commission and its members, C. L. McCorkle, as guardian of the estate of Tabitha Johnson, Burton Drilling Company, Inc., and C. P. Burton, in the nature of an appeal from the order of the commission granting C. L. McCorkle, guardian, a permit to drill an oil well on a 5.47-acre tract of land in the East Texas oil field as an exception to rule 37. Appellant sought to temporarily, and upon final hearing to perpetually, enjoin the drilling of the well and the production of oil therefrom, upon the alleged grounds that the order granting the permit was in violation of the conservation laws, was based upon wholly insufficient evidence, and was unreasonable, arbitrary, and discriminatory as to it. The hearing for the temporary injunction was set, and at which time C. L. McCorkle, guardian, filed a motion to dismiss the suit, "for the reason that there are no facts alleged that would entitle plaintiff (appellant) to the injunctive relief prayed for." The judgment recites that the court heard the motion, and concluded "as a matter of

law that said motion should be granted." And thereupon the court denied the prayer for a temporary injunction and dismissed the suit; hence this appeal.

Other than the above recitation in the judgment that the court concluded as a matter of law that the motion should be granted, the grounds for granting the motion are not shown in the record. The effect of the action of the court in sustaining the motion to dismiss the suit was to hold that the petition stated no cause of action, and was tantamount to the sustaining of a general demurrer to the petition as stating no cause of action. We have reached the conclusion that the trial court erred in dismissing the suit.

In substance, the petition alleged that the well in controversy was granted by the commission as well No. 1 on lot 11 of the Mary Smith et al. subdivision, the lot consisting of 5.47 acres out of a 57.93-acre tract; that appellant owned the oil and gas lease on three adjacent tracts to the 57.93-acre tract and to the Mary Smith et al. 74.4-acre tract which adjoined the 57.93 acres on the north, and that one of appellant's leases adjoined the 5.47-acre tract on the north. That prior to January, 1934, McCorkle, as guardian, and 13 other named persons jointly owned the seven-eighths oil and gas leasehold estate in the Mary Smith et al. 57.93-acre tract and the 77.4-acre tract; the guardianship interest being 4.1 per cent. of the whole of the two tracts. That on or about said date, McCorkle, as guardian, and the other owners, with the purpose and design of drilling wells on the land less than 660 feet apart, and with the purpose of drilling more wells than are permitted by rule 37, in force and effect at the time, by agreement between themselves subdivided the said two tracts of land into 23 lots, ranging in size from three and a fraction to five and a fraction acres per lot; that McCorkle, as guardian, received lot No. 11, consisting of the 5.47-acre tract in said subdivision; that rule 37, as applicable to the East Texas field at the time in question, required wells to be spaced at least 330 feet from property lines and 660 feet from other wells. It was further alleged that the 5.47-acre tract was authorized to be drilled at a point considerably less than 330 feet from the two lines of the lot and only 344 feet from a well theretofore drilled on block No. 12 of the same leasehold subdivision; that the subdivision was created by a voluntary agreement of the parties from a larger tract of land capable of development as a whole in compliance with rule 37, the subdivision being made while said rule was in full force and existence, which prohibited the location of the well in controversy. That the location of the well at the point in controversy is not necessary to prevent waste of oil or gas; that on the contrary, the drilling of the well will force the drilling of certain additional offset wells on the adjoining tracts described in the petition; and that the drilling of said well and the offset wells thus forced will cause waste of oil and gas in the several particulars alleged in the petition. That the well was not necessary to protect the Mary E. Smith 57.93-acre tract of which the 5.47-acre tract was a part, in that wells had already been drilled on said larger tract in such manner as to protect it from drainage by wells on other tracts and in such manner as to offset each well on adjoining tracts; and that there was no evidence offered at the hearing before the Railroad Commission to the effect that the location in controversy was necessary to protect the 57.93-acre tract.

It was further alleged that the order granting the permit in question will enable the 57.93-acre tract to obtain a greater number of wells than rule 37 permitted, and will give the said tract a great advantage in drainage opportunity over appellant's adjacent leases, and will cause drainage of oil therefrom; that it will cause fire hazard to be increased, and will cause the drilling of offset wells, all in violation of the conservation laws; and all of which are wholly unnecessary to the development or protection of the leases in question. That the said McCorkle, as guardian, received in the subdivision, in addition to the lot in question, another lot consisting of three and a fraction acres, the two lots having a total of 9.06 acres, and if he had taken them in one block, said acreage could have been developed by one well at a location which would substantially comply with the provisions of rule 37; but that he voluntarily and purposely took his acreage in two lots, for the purpose of getting two wells instead of one.

These alleged facts bring the case clearly within the rule announced in Brown v. Humble Oil & Refining Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107, which prohibits the voluntary partition or subdivision by the owner of a larger tract of land capable of being developed as a whole under under rule 37, if the partition or subdivision will create a condition which will permit the drilling of a well on the subdivided

tract or tracts in violation of rule 37 and the conservation laws of the state.

The judgment of dismissal will be reversed, the cause reinstated, and remanded for trial on the merits.

Reversed and remanded.